UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STATE OF MAINE and<br>MAINE DEPARTMENT OF<br>ENVIRONMENTAL<br>PROTECTION,<br><br>Plaintiffs,<br><br>v.<br><br>KERRAMERICAN, INC., et. al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV-04-191-B-W |

**ORDER ON DEFENDANTS BLACK HAWK AND KERRAMERICAN, INC.'s
MOTIONS TO EXCLUDE THE TESTIMONY OF WILLIAM J. MICHIELS**

On September 11, 2006, Black Hawk and Kerramerican moved to exclude the testimony of William J. Michiels as an expert for Denison.  *Black Hawk Mot. in Limine to Exclude Testimony of William J. Michiels* (Docket # 88); *Kerramerican Mot. to Exclude Testimony of William J. Michiels* (Docket # 98).  Denison had originally listed Mr. Michiels as an expert witness to testify on whether the Court should pierce the corporate veil between Denison and Black Hawk, and whether Denison should be treated as an alter ego of Black Hawk.  In response, Denison pointed out that Kerramerican has since clarified that it is currently not pursuing derivative liability, under either the corporate veil or alter ego theory. *Denison Mem. of Law in Opp'n to Mot. by Kerramerican and Black Hawk to Exclude Expert Testimony of William J. Michiels* at 2 (Docket # 118).  Kerramerican replied that these theories may still be "fair game" at any trial and, therefore, the question of Mr. Michiels's testimony is not moot.  *Kerramerican Reply Mem. to Denison Opp'n to Mot. to Exclude Testimony of William J. Michiels* at 1 (Docket # 124).

The Court agrees with Kerramerican and Black Hawk on the question of mootness. Simply because Black Hawk and Kerramerican moved for summary judgment against Denison on grounds of direct liability does not preclude them from later arguing derivative liability, i.e. that the Court should pierce the corporate veil between Denison and Kerramerican or that Denison should be treated as an alter ego of Black Hawk.

Nevertheless, the Court disagrees with Kerramerican and Black Hawk that Mr. Michiels's proposed testimony should be excluded in its entirety by pre-trial motion. Performing its gate-keeping function, the Court has reviewed Mr. Michiels's proferred testimony and does not agree that it lacks appropriate foundation or would not be of assistance to the Court in arriving at its factual findings. Moreover, as this case will proceed to trial before the court, not a jury, the Court will be better able to determine at trial whether any portion of Mr. Michiels's testimony fails to satisfy the standards in *Daubert* or *Kumho Tire*,[1] how much weight, if any, to give his expert opinions, and whether his opinions stray into areas of law.

The Court DENIES the Kerramerican and Black Hawk motions to exclude the testimony of William J. Michiels (Docket # 88, 98).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2007

---

[1] *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).